IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN HUGHES,                              Civil No. 05-6219-AA
                                           OPINION AND ORDER

       Plaintiff,

  vs.

UNION PACIFIC RAILROAD COMPANY,
a foreign corporation, INTERNATIONAL
TRUCK AND ENGINE CORPORATION, a
corporation, JOHN DOE CORPORATION
1, a corporation, JOHN DOE
CORPORATION 2, a corporation, and
JOHN DOE CORPORATION 3, a
corporation,

       Defendants.
_____

Stephen C. Thompson
Thompson and Ritchey, LLP
101 SW Main Street, Suite 1940
Portland, Oregon 97204
    Attorney for plaintiff

Margaret Hoffmann
Christopher C. Dorr
Andrew J. Lee
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center

1211 SW 5th Avenue, Suite 1900
Portland, Oregon 97204
    Attorneys for defendant International
    Truck and Engine Corporation

AIKEN, Judge:

Plaintiff's motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c) is granted.

## BACKGROUND

Plaintiff filed suit against Union Pacific Railroad Company (Union Pacific), International Truck and Engine Corporation (ITEC) and various John Doe corporations. Plaintiff alleges a Federal Employers' Liability Act (FELA) claim against Union Pacific, 45 U.S.C. § 51, et seq., and negligence and strict liability claims against ITEC and the John Doe corporations.

Plaintiff alleges that he suffered extensive personal injuries when he was attempting to climb into the bed of a Union Pacific track maintenance truck. Complaint, ¶ 6. Plaintiff required surgery to repair his knee and will continue to incur medical expenses in the future. Id. at ¶ 9. Plaintiff states a lost wages claim and a loss of future earnings claim. Id. at ¶ 10.

ITEC removed this suit based on diversity of citizenship. There is no dispute that defendants are not Oregon residents and therefore complete diversity exists. Further, based on plaintiff's representation of the harm he suffered, it is more likely than not that more than $75,000 is in controversy in this

Page 2 - OPINION AND ORDER

action. See 28 U.S.C. § 1332. Therefore, ITEC asserts, this court has subject matter jurisdiction pursuant to § 1332.

DISCUSSION

Plaintiff argues that this case should be remanded to state court because it is a claim for damages under FELA against Union Pacific and claims for common law negligence against ITEC and "John Doe" corporations. The parties do not dispute that Congress has generally exempted FELA actions from removal. See 28 U.S.C. § 1445(a)("[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908, may not be removed to any district court of the United States."). See also, Burnett v. New York Central R.R. Co., 380 U.S. 424, 434 (1965)(statutory prohibition against removing FELA cases from state to federal court evidence of Congress's intention to protect plaintiffs' rights to bring FELA actions in state court).

A FELA claim may, however, be removable if it is joined with another cause of action that is both removable and arises under federal law, and if the otherwise removable claim is "separate and independent" from the non-removable claim. See 28 U.S.C. § 1441(c). Here, plaintiff's non-removable FELA claim and the state law claims of negligence are all based on the same injury and are substantially derived from the same facts.

ITEC asserts that plaintiff "waived" the non-removability

Page 3 - OPINION AND ORDER

provisions of 28 U.S.C. § 1445(a) by joining his FELA claim with "separate and independent" diversity state law claims, despite the fact that all claims arise from the same incident. I disagree. The Supreme Court held that a claim is not "separate and independent" when a plaintiff seeks relief from a single wrong that arises from an interlocking series of transactions. Those circumstances do not give rise to a separate and independent claim or cause of action. <u>American Fire & Cas. Co. v. Finn</u>, 341 U.S. 6, 14 (1951). <u>See also</u>, <u>Anderson v. Union Pacific Railroad Co.</u>, 200 F. Supp. 465, 467 (D. Kansas 1962)(plaintiff asserted a FELA claim against the railroad and negligence claims against another party, plaintiff's claims against both defendants grew out of the same injury accident, court held claims not "separate and independent" for purposes of § 1441(c)).

<u>CONCLUSION</u>

Plaintiff's motion to remand (doc. 7) is granted. Further, plaintiff's motion for attorney fees and costs (doc. 12) is denied.

IT IS SO ORDERED.

Dated this  15   day of November 2005.

                                             /s/ Ann Aiken
                                                 Ann Aiken
                                   United States District Judge